O’Neall, J.
Like the presiding judge below, I have been much disposed to sustain this action ; hut on reflection, I am satisfied that it cannot be done without an unprecedented violation of fixed principles.
The general and well established legal rule is, that there is no implied warranty of title at a sheriff’s sale; the interest of the defendant is alone sold. The purchaser is to judge for himself, whether he can obtain any thing by his purchase ; if he buys, and is unable to support his title to recover or retain possession of the land or property bought, the maxim caveat emptor, which governed his purchase, will generally exclude him from any recourse upon the sheriff, the plaintiff at whose suit the sale was made, or the defendant as whose property the land or personal chattels was sold.
The only cases which I recollect, and which can be urged as exceptions to this rule, are the cases of Herbemont v. Sharp, 2 M’C. 264, and Minter v. Dent.*
The case of Herbemont v. Sharp was the case of a rule to shew cause why satisfaction should not be entered on the fi. fa. under which a tract of land had been levied on and sold, and purchased by the plaintiff as the defendant’s property. The plaintiff, it seems, discovered immediately after the sale that, the land was not the property of the defendant; he refused to comply with his bid, alledging, as it would seem from the report, that the defendant had falsely represented the title to be *399 in him, when such was not the fact. The Court recognized the doctrine that there was no implied warranty at sheriff’s sale ; but held that the plaintiff, not having completed his purchase by receiving the sheriff’s deed, “ was not bound, or was at liberty to shew that the title was not in the defendant, or that he was guilty oi the fraud charged.”
In the case of Minter v. Dent, the owner of property sold by the sheriff gave a false representation of it, which induced the defendant to buy. The defendant having discovered the defect, (a want of sense in a negro Woman) refused to comply with his purchase, and the sheriff re-sold. In a suit by the owner against the defendant, to recover the difference between the first and second sale, it was held that evidence of the unsoundness complained of might be given, on the ground that tho false representation was equivalent to an express warranty.
These cases do not trench upon the general rule, but rather affirm it. In the case of Davis v. Hunt, 2 Bail. 418, it was held that although Gist had bought his own land, at a sheriff’s sale of it as the property of another, and had received the sheriff’s deed, he was bound by his purchase, and must pay the amount of his bid. From which it would seem to be clear beyond all doubt, that there is no implied warranty in any case at sheriff’s sale.
This case is in effect seeking to set tip an implied warranty, on the part of the plaintiff, of the title sold at his instance at sheriff’s sale : this cannot, I think, be done. For if there is no implied warranty between the sheriff and the purchaser, there can be none between the latter and any of the other parties.
There is something imposing in the view that the defendant indemnified and thus procured the sheriff to sell; but unless the bond could amount to a warranty of title, or to a false representation of title when none existed, it cannot entitle the plaintiff to recover. It cannot have either of these effects. It is merely the undertaking of the defendant, to save tho sheriff harmless for levying on and selling property supposed to be the property of the defendant in the execution. This cannot have any legal effect beyond the parties to the bond.
In Adair v. M’Daniel and Cornwell, 1 Bail. 158, it was held that the fact of indemnification did not entitle the creditor giving the indemnity to the proceeds of the sale against senior executions ; nor did it justify the sheriff in refusing to pay over the proceeds to such elder executions, because the debtor’s title to the property was in dispute, and the sheriff sued for the trespass in making the levy and sale.
That case shews that the creditor’s right to tho proceeds of tho sale docs not depend on the bond of indemnity; that arises out of, and depends on, his execution. The bond of in- *400 dcmnity must therefore be confined to its proper office, that of protection to the sheriff, and cannot be laid hold of by a purchaser as a warranty of title.
The motion is dismissed.
Johnson, J. concurred.
IIakpek, J. absent.

 Reported once, 3 Bailey, 291, but not tho decision referred to, which was subsequently mude. R.